IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,378





BRENT RAY BREWER, Appellant



v.



THE STATE OF TEXAS





ON DIRECT APPEAL FROM CAUSE NO. 6997-A


IN THE 47TH DISTRICT COURT


RANDALL COUNTY





 Per Curiam.


ORDER



 The above-styled and numbered cause is pending before this Court as a result of
appellant's capital murder conviction and resulting sentence of death in the 47th District
Court of Randall County, Cause No. 6997-A, styled The State of Texas v. Brent Ray
Brewer. The State has filed in this Court a motion entitled "State's Motion to Abate
Appeal in Order for Trial Court to Conduct a Nunc Pro Tunc Evidentiary Hearing and to
Supplement Record." The State has also filed a "State's First Motion for Extension of
Time to File State's Brief." 


 Appellant was convicted of capital murder and sentenced to death in 1991. In
1994, this Court affirmed his conviction but remanded for a new punishment trial. 
Brewer v. State, No. AP-71,307 (Tex. Crim. App. June 22, 1994). Prior to the new
punishment trial, appellant filed a motion requesting the trial court to quash the
indictment because Article 37.071 of the Texas Code of Criminal Procedure was
unconstitutional. The State alleges that there is a discrepancy in the record regarding the
disposition of this motion because the trial judge (who is now deceased) signed an order
granting the motion on the same day that he orally denied the motion at the pre-trial
hearing. 

 Because the trial court is in a better position to determine the accuracy of the
record, we abate the appeal and remand this cause to the trial court to resolve this alleged
discrepancy. Therefore, the trial court is directed to prepare and file findings of fact
regarding the disposition of appellant's motion to quash the indictment. The trial court
clerk must then prepare, certify, and file in this Court a supplemental clerk's record
containing the trial court's findings. The findings are to be made, and the supplemental
clerk's record is to be filed, within 30 days of the date of this order. The State's brief will
be due in this Court within 90 days of the date that the supplemental clerk's record is
filed. 

 IT IS SO ORDERED THIS THE 11th DAY OF MAY, 2011.

Do not publish